Laithe v. McDonald.

## CROMWELL LAITHE v. A. McDONALD, *et al.*

1. PRACTICE—*Objection to Petition—Waiver.* After answer filed, an objection to a petition that it does not state facts sufficient to constitute a cause of action, is good only when there is a total failure to allege some matter essential to the relief sought, and is not good when the allegations are simply incomplete, indefinite, or statements of conclusions of law.

2. DEPOSITIONS—*Title of action—Irregularity.* It is error to take a deposition under a notice entitled in two distinct cases; but where both cases are between the same parties, this court will presume, in the absence of proof to the contrary, that it was shown to the court below that both cases were upon the same matter, and therefore the error may be disregarded, as not affecting substantial rights.

3. FRAUD—*Vacating Judgment.* Where a party obtains a judgment by his own willful perjury, or the use of false testimony, which he knows at the time to be false, he practices a fraud for which the judgment may be vacated.

4. FINDINGS OF FACT—*must be certain.* Findings of fact should be direct, positive and unambiguous. Where the finding is in the alternative, if each fact supports the conclusions of law, the error is immaterial, but where one does and the other does not, then ordinarily the case should be remanded.

5. —————— *Fraudulent Judgment—Laches of Party.* A party against whom a judgment has been rendered in his absence, seeking to be relieved therefrom upon the ground of "fraud practiced by the successful party in obtaining the judgment," must not only make satisfactory proof of fraud in fact, but should also show that he was himself guilty of no laches in failing to appear at the trial.

6. "REVERSE"—*Definition.* The word "reverse," as used in opinions, judgments and mandates, has received, by long usage in this court, a settled construction, and means to set aside, to annul, or to vacate.

## *Error from Johnson District Court.*

PROCEEDING to vacate and set aside a judgment, and grant a new trial. At the October Term, 1868, of the district court, *Cromwell Laithe* recovered a judgment against A. McDonald, B. P. McDonald, John E. Dillon, and John McDonald, partners as *A. McDonald & Co.*, for $5,686. McDonald & Co. did not appear at said trial in person nor by attorney, although they had filed an answer denying all the matters alleged in the petition. The plaintiff *Laithe* was the only witness sworn or examined at said trial. On the 7th of November following, *McDonald & Co.*, claiming to be surprised and aggrieved, commenced this action to vacate and set aside said judgment. They set up two grounds therefor, *first*, "that said judgment was procured by fraud on the part of said Cromwell Laithe, plaintiff therein, by said Laithe falsely and fraudulently swearing and testifying," etc., setting forth in full the alleged false testimony; *second*, "that said A. McD. & Co., defendants in said action, by unavoidable misfortune were prevented from 'attending said trial and defending said action," etc., stating certain facts

as showing such unavoidable misfortune. *Laithe* answered, denying the commission of any fraud in procuring said judgment, and denying that plaintiffs were unavoidably prevented from being present at the trial. The case was tried at the June Term, 1869, of the district court, (O. A. B., judge *pro tem.*, presiding.) The plaintiffs having called a witness to the stand, the defendant objected to any testimony being received, and moved the court "to exclude all evidence in this case, and to dismiss the plaintiffs' petition, on the ground that said petition does not state facts sufficient to constitute a cause of action." The court sustained said motion as to the second ground for vacating the judgment, and overruled it as to the first ground; and *Laithe* excepted. He also objected and excepted to the introduction of certain depositions because they were taken upon a notice entitled in two separate actions, although between the same parties. The court made a special finding of facts, and conclusions of law, which are given in full in the opinion of the court, and gave judgment in favor of the plaintiffs, vacating and setting aside the judgment rendered in the original action in favor of *Laithe*, and setting that cause down for trial at the next term of the court. *Laithe* excepted to the findings and judgment of the court, and brings the case here on error.

*Nelson Cobb*, and *Fishback & Ogg*, for plaintiff in error:

1. The petition in the district court contained no cause of action, and the motion of Laithe to exclude the evidence and dismiss the petition should have been granted.

2. The power given by 568 of the code to vacate or modify judgments or orders, for fraud practiced by the successful party, was intended to grant to courts the same

jurisdiction over judgments rendered in the same courts that was formerly exercised by courts of equity over judgments in courts of law; and courts of equity exercised such jurisdiction, on the ground of its necessity, in cases where a judgment had been obtained by some fraud which the defrauded party had no opportunity to meet and controvert at the trial, and in no other cases. The fourth subdivision of § 568 of the code was manifestly enacted to meet the same necessity and intended simply to vest in the court which tried the original cause, a jurisdiction formerly exercised by other courts.

3. False swearing by a witness never was, nor is it now, such fraud as may be relieved against in a new action. The truthfulness of the testimony of a witness is to be determined in the action in which he testifies. He is then and there liable to a cross-examination, contradiction and impeachment, and the jury or the courts are to judge of his truthfulness.

False testimony clearly can be no ground for granting a new trial, unless the testimony operates as a surprise upon the party against whom it is given, which ordinary prudence could not have guarded against. But if such evidence did operate as such surprise, then relief was provided for in § 306 of the code; and after having fully provided for this class of cases in one section, it is not to be believed that the legislature intended to provide for them again under the general designation of "fraud practiced by the successful party."

4. But willful falsehood is not alleged. It is alleged that "judgment was procured by fraud on the part of said Cromwell Laithe, plaintiff therein, by said Laithe falsely and fraudulently swearing," etc. But the word " fraudulently " is a mere epithet. The only way to

17

show fraud by a pleading is to plead the facts constituting the fraud.

5. The judgment is not sustained by the evidence. The evidence gives no excuse for not defending; but the evidence on behalf of the defendants in error is devoted exclusively to showing that they might have defended successfully on the first trial, and that Laithe's testimony is incorrect. The evidence also shows that the petition in the first action alleged the facts as testified on the trial by Laithe; thus giving ample notice to the defendants of the testimony they must be prepared to meet; and if Laithe's testimony was incorrect, and they by their own gross negligence failed to controvert it, this is certainly not that fraud in the prevailing party unmixed with the negligence of a defeated party which the authorities require to grant a new trial in a subsequent suit; nor would it justify granting a new trial at the same term.

6. The findings of fact by the court do not justify the finding of law or the judgment.

The court finds that Laithe testified on the first trial that the defendants in that action made and entered into a certain agreement; that said agreement was not made; and that Laithe either misunderstood or misrecollected said contract, or willfully and corruptly testified falsely concerning the same. This is merely a finding that Laithe mistakenly testified to a falsehood and thereby recovered judgment. That a mistake in giving testimony is in no sense a fraud, is too clear for argument or authority.

7. The exception to the depositions were well taken. It is irregular to take the deposition of a witness in two causes at the same time.

The taking of testimony is a part of the trial of a cause, and two causes cannot be tried at one time except

by consent of parties. If the witnesses had been called in court and the party proposed to swear and examine them in the cause on trial and in another cause at the same time, and the defendant objected to that course, the court would sustain the objection, or this court would adjudge its action to be error.

*Wilson Shannon,* for defendants in error:

1. The court having sustained Laithe's motion to hear no evidence on the part of the plaintiffs below except what tended to prove fraud in obtaining the judgment, the plaintiffs could offer no evidence to show that they were prevented by unavoidable casualty from defending the suit.

2. It is claimed that the allegation of fraud in the petition is not sufficient, and that the motion to exclude all evidence in support of that part of the petition should have been sustained also. This motion was equivalent to a motion to strike out a part of the petition. A motion to strike out a petition after the parties have prepared for trial is not favored by courts. If a demurrer is put in at the proper time, the sufficiency of the petition is determined before the parties incur the expense of preparing for trial. If it is sustained, the plaintiff can amend on such terms as the court may think right; but no court will sustain a motion to strike out on the eve of trial, unless it clearly appears that no cause of action is stated in the petition.

In this case the petition charges that Laithe *falsely* and *fraudulently testified* to all the allegations contained in his original petition, and that these allegations were wholly false. The petition charges this to have been done *fraudulently*. Now, the word fraudulently implies a willful intention and design to do wrong. If the testimony was

false and given with a willful intention and design to do wrong, that is, to obtain a judgment that he knew he was not entitled to, it is in substance sufficient, so far as the charge of fraud is concerned.

3. It is said that the third finding of fact is in the alternative, and hence so indefinite as not to sustain the conclusion of law. In this third finding the court is made to say that Laithe " either *misunderstood* said contract, or *misrecollected* it, or *willfully* and *corruptly testified falsely* concerning the same," upon the trial of said cause. Now, which was it? Did Laithe misunderstand said contract? or did he misrecollect it? or did he willfully and corruptly testify falsely in relation to it? From the finding of the court below this court cannot assume that he did the *one* or *the other*. Consequently this court will have to look into the record and determine from the evidence for itself how the fact is, unless indeed the court take the findings of the court below, that are found in the final decree above referred to, as conclusive in the case on the question of fraud; and if there is any evidence tending to prove fraud in obtaining the judgment in the original suit, the finding of court should be regarded as the verdict of a jury, which a court will never disturb if there is any evidence tending to sustain it.

4. The depositions were properly admitted. Entitling the notice in two cases, between the same parties did not mislead.

The opinion of the court was delivered by

BREWER, J.: Cromwell Laithe, the plaintiff in error, brought suit in the district court of Johnson county, against the defendants in error, to recover $5,686 for goods delivered to them as common carriers, to be trans-

ported from Kansas City to Fort Scott, and through negligence lost and destroyed. A general denial was filed. On the 24th of October, 1868, the case was called for trial, and the defendants not appearing, Laithe testified to the facts set out in the petition and obtained a judgment for the amount claimed. On the 7th of November, 1868, defendants in error filed their petition, under section 568, of the civil code, to have that judgment vacated and set aside. The grounds alleged were, *first*, " fraud practiced by Laithe in obtaining the judgment," and *second*, unavoidable misfortune, preventing McDonald, *et al.*, from defending. The district court, on the objection of Laithe, held the petition insufficient in respect to the second ground of relief. This ruling left for investigation simply the question of fraud practiced in obtaining the judgment. Upon trial the court found in favor of the defendants in error, vacated the judgment recovered by Laithe in the case of *Laithe v. McDonald, et al.*, and reinstated said case on the docket for trial. A motion was made to exclude all testimony for the reason that the petition for vacating said judgment did not state facts sufficient to constitute a cause of action, which motion was overruled, and the petition held sufficient so far as the first ground of relief, that is, " fraud in procuring the judgment," was concerned. Was this error ? It was alleged " that said judgment was procured by fraud on the part of said Cromwell Laithe, plaintiff therein, by said Laithe falsely and fraudulently swearing and testifying," etc., setting forth the testimony ; and that the defendants were absent at the time of the trial, giving the reason therefor. This objection to the petition was made too late. After answer filed,

Laithe v. McDonald.

1. Practice: objections to petition, when and how waived.

an objection to a petition that it does not state facts sufficient to constitute a cause of action is good only when there is a total failure to. allege some matter which is essential to the relief sought, and is not good when the allegations are simply incomplete, indefinite, or statements of conclusions of law. That the testimony was fraudulently given, may be a conclusion of law from many facts, and if the defendant desired that these facts should be presented, he should, before answer, have filed his motion to make the petition more definite and certain.   Failing to do this, and by filing his answer accepting the issue tendered, he should not on the eve of trial be permitted to question the fullness and certainty of the allegations of the petition.   *The West. Mass. Ins. Co. v. Duffy*, 2 Kas., 347; *Meagher v. Morgan*, 3 Kas., 372.

II. A deposition was taken upon a notice entitled in two cases as follows: " *A. McDonald & Co., plffs., v.*

2. Depositions; irregular; effect of.

*Cromwell Laithe, deft,"* and *" Cromwell Laithe, plff., v. A. McDonald & Co., defts."*   The parties were the same, but their positions as plaintiff and defendant were reversed.   The idea of the party taking this deposition seems to have been to obtain testimony for use in the proceeding to vacate the judgment, and, that being successful, to have the same testimony ready for the trial of the original case.   Exceptions were taken by Laithe to this deposition on this ground, and overruled.   As a general rule we think it error to permit the taking of a deposition under a notice specifying and for use in two cases.   A party to a suit has the right generally to have all the proceedings in that suit kept free from and unembarrassed by the proceedings in any other suit.   Still, as the two suits appear to have been between the same parties, and inasmuch as the statute provides that a deposition once taken may be read " in any other

action or proceeding upon the same matter, between the same parties," we do not think the refusal to suppress the deposition such an error, affecting the substantial rights of the party, as would justify this court in reversing the judgment therefor, unless it appeared that the other proceeding entitled in the notice was upon a different matter. We must presume in favor of the ruling of the court below, and, in the absence of proof to the contrary, that it was made to appear to him that both actions entitled in the notice were upon the same matter. 2 Nevada, 81.

III. But the most important question in the case remains to be considered. The court below found the following facts:

"1st. That at the October Term, 1868, of this court, there was a judgment rendered in favor of Cromwell Laithe, plaintiff, and against A. McDonald & Co., defendants, for $5,686, and costs.

"2d. That said judgment was procured by means of the testimony of said Laithe, and no other, and in substance that the defendants therein made and entered into an agreement and contract with him on or about the 19th day of November, 1866, whereby said defendants, (the plaintiffs herein,) agreed for hire to receive and transport from Kansas City, Mo., to Fort Scott, Kansas, within a reasonable time, certain goods and chattels belonging to and owned by said Laithe.

"3d. That the contract testified to by Laithe was in fact *not made*, but the plaintiffs herein agreed to transport said goods for said Laithe if it should be convenient for them to carry the same with their own goods, and said Laithe either misunderstood or misrecollected said contract, *or* willfully and corruptly testified falsely concerning the same upon the trial of the said cause, and thereby recovered a judgment against the plaintiffs herein, when in fact, and in law, he would not have been entitled to the same."

And from these facts the court found, as matter of law,

that the "plaintiffs were entitled to a judgment vacating the judgment so rendered as aforesaid in said cause." Do the facts found warrant the conclusion of law? It must be remembered that the only ground of relief in the case as tried is, in the language of the statute, "fraud practiced by the successful party in obtaining the judgment."

3. Judgment will be vacated for fraud or perjury.

The word fraud in this statute is used in its common, direct sense. It means "fraud in fact," not "fraud in law." It embraces only intentional wrong—those acts done by the successful party, with a knowledge of their criminality, and with the purpose of thereby depriving his adversary of some right. The giving or use of false testimony, though it may operate to the injury of the unsuccessful party, is not necessarily fraud practiced by the successful party. The rule is, that when the party being himself a witness, commits willful perjury, or makes use of false testimony which he knows to be false, and thereby obtains a judgment, he practices a fraud, within the meaning of the statute quoted, for which the judgment may be vacated. In *Burgess v. Lovengood*, 2 Jones' Eq., 457, PEARSON, J., says: "So it is agreed that to set aside the verdict on the ground of its being obtained by perjury there must be an allegation that the party who used the testimony knew it to be false." The finding of the court is that Laithe "either misunderstood or misrecollected said contract, *or* willfully and corruptly testified falsely concerning the same." Now, if Laithe simply misunderstood or misrecollected the contract, and in good faith honestly gave in his testimony concerning it, he practiced no fraud in obtaining his judgment. If misrecollection or mistake on the part of a witness were ground for vacating judgments, they would have much less stability than we have generally conceded to them. Counsel for defendants in error

appreciating the difficulties of this finding says in reference to it: " From the finding of the court below, this court cannot assume that he did the one or the other; consequently this court will have to look into the record, and determine from the evidence for itself how the fact is, unless indeed the court take the findings of the court below, that are found in the final decree above referred to, as conclusive in the case on the question of fraud." Findings of fact should be direct, positive, and unambiguous.

4. Findings of fact, must be certain. Where the finding is, as in this case, that either this or that is the fact, if each of them supports the conclusion of law, the error is immaterial; but if one does and the other does not, then ordinarily the case should be remanded. Especially should this course be adopted when, as here, the finding involves a question of perjury; for not always from the number of opposing witnesses is the perjury of one established. The conduct of a witness, his manner of testifying, and his appearance on the stand, are important in determining his truthfulness; and these are matters which cannot be preserved in a record.

Again, the testimony discloses that the defendants in error were not present at the trial, but fails to show why

5. Party must not be guilty of laches. they did not appear. It appears also that Laithe's testimony simply corresponded to the allegations in the petition. Under these circumstances it seems to us it should be shown that they were guilty of no laches in failing to appear. We do not mean to be understood as saying that a party must make out a case under clause *seventh* of the section heretofore referred to, (civil code, § 568,) before he can avail himself of the provisions of clause *fourth;* but simply, that he should show that his absence was not intentional, nor the result of his own negligence. The judgment of the court below

must be reversed, and the case remanded for further proceedings.

All the Justices concurring.


THIS CASE came here again at the July Term, 1871, upon an alleged error committed by the district court in its action on receipt of the mandate sent down pursuant to the foregoing decision "reversing" the judgment of that court. As the alleged error is based upon the use and meaning of the word " reversed," as used in the foregoing opinion, it is deemed best to give the decision of this court thereon in connection with the principal case.

*Nelson Cobb*, for plaintiff in error.

*Wilson Shannon*, for defendants in error.

JULY TERM, 1871.

*By the Court*, BREWER, J.: This case was before this court last winter on a petition in error to reverse the judgment of the district court of Johnson county. The judgment of that court was in favor of McDonald, *et al.*, and against Laithe. On an examination of the record this court found error in the proceedings of the district court and rendered its judgment accordingly. The closing sentence of the opinion which was filed in that case reads as follows : " The judgment of " the court below must be *reversed*, and the case remanded "for further proceedings." This direction was incorporated into the judgment entered here, and the mandate sent to the court below. Upon the strength of that mandate and opinion counsel for Laithe moved the district court to set aside the judgment theretofore rendered against Laithe, and to enter one in his favor. This mo-

6. "Reversed;" definition of term.

tion the court overruled, and setting aside the judgment against Laithe placed the case upon the docket for a new trial. This action is now alleged for error. It is claimed that the word "reverse," in the opinion, the judgment, and the mandate, requires not merely the setting aside of the one judgment, but the granting of another; that, if merely the setting aside of the existing judgment was intended, the word "vacate" would have been the proper term. In other words, a judgment in favor of McDonald & Co. is not "reversed" unless a new judgment is rendered in favor of Laithe. We shall not stop for any critical examination of the definition of the term "reverse," though we may remark in passing that Webster's definitions show that its meaning is that of setting aside, or annuling. But be that as it might be, the term has received by long usage in this court a settled meaning. In 1863 the counsel for Laithe, at that time the Chief Justice of this Court, writing the opinion in the case of *Smith v. The State*, 1 Kas., 393, closed that opinion by saying—"For the errors of the court in denying a change "of venue, the judgment must be *reversed*, and the case "remanded." No one supposed that this direction required both the setting aside of the judgment against Smith and the entry of a judgment in his favor upon the indictment filed against him. In the first volume of Kansas Reports, out of fifteen cases in which judgments were set aside and new trials awarded, in fourteen the term "reverse" is used in the direction-clause of the opinion in the sense simply of setting aside. In some of these the direction is to reverse the judgment and grant a new trial, in others simply to reverse the judgment and remand the case. All the members of the court agree in that use of the word. An examination of the remaining four volumes of our reports is attended with like results.

From the organization of the court down to the present time, every judge has constantly in his opinions used the word in that sense. A construction, which has the sanction of such eminent authority, and the usage of so many years, seems to us useless to disturb. We see no reason to doubt that the term as used in opinions, judgments and mandates, means what we have always understood it to mean, setting aside, annuling, vacating—at least, such is the sense in which it was used in this case. It follows therefore that the order of t̲ : district court must be affirmed.

All the Justices concurring.