## ELIZABETH I. CROCKETT, et al., v. B. GRAY.

1. REMANDED CASE, *Not Fit for Final Judgment in District Court.* In an action to compel the specific performance of a contract for the sale of a tract of thirty-three acres, the defense was that the tract was a homestead, and that the contract was void, because signed by the husband alone. The case was tried by the court, without a jury. Findings of fact and conclusions of law were made, and judgment entered thereon in favor of the defendants. The court held the entire tract a homestead. On error to this court, it was adjudged that the homestead included only one acre. The precise boundaries of such acre were not disclosed by either the testimony or the findings. In the opinion and mandate, the order was simply to reverse the judgment, and remand the case for further proceedings. *Held,* That the case was not in a condition for final judgment in the district court, and that it was error to enter judgment on the findings previously made, and that a new trial was necessary.

2. ADMISSION, *Good for Only One Trial.* Where, for the purposes of a pending trial as expressly stated, certain facts are admitted, the admission holds good for that trial alone, and cannot be invoked on a subsequent trial.

3. —————— *Stare Decisis.* Where a case is decided by this court, on proceedings in error from the district court, that decision becomes the law of the case, for all subsequent proceedings; and this rule covers not merely the points expressly considered and decided, but all questions necessarily involved in the decision. (*Headley v. Challiss,* 15 Kas. 602.)

4. CONTRACT PRICE, *When Equity May Apportion.* A court of equity may sometimes, and where equity requires it in enforcing the specific performance of a contract, for the sale of real estate, where the contract is enforced as to only a part of the land contracted for, apportion the contract price, and this notwithstanding no apportionment is provided for in the contract.

*Error from Wyandotte District Court.*

ACTION brought by *B. Gray* against *Elizabeth I. Crockett*, and *H. C. Long* and wife, to compel them to convey to plaintiff certain real estate. At the July Term, 1883, *Gray* had judgment against defendants, who bring the case here. The facts appear in *Gray v. Crockett*, 30 Kas. 138, *et seq.*, and in the opinion, *infra.*

*Stevens & Stevens*, and *John B. Scroggs*, for plaintiffs in error.

*B. Gray*, defendant in error, for himself; *N. Cree*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is a case which has embarrassed us not a little. The facts are these: Gray, on March 3, 1882, commenced his action in the district court to enforce the specific performance of a contract to convey thirty-three acres of land. The contract was signed by H. C. Long, one of the defendants. The petition alleged that since the contract, Long and wife had conveyed thirty-one and one-tenth acres of the tract to Elizabeth I. Crockett, their co-defendant; but that she bought with full knowledge of the prior contract. The defendants answered, admitting the contract and the conveyance to Mrs. Crockett, but denying knowledge on the part of the latter; alleged that H. C. Long and wife occupied the land as a homestead, and that therefore the contract signed by H. C. Long alone was void. On the trial before the court without a jury certain facts were admitted, some parol testimony offered, special findings of fact and conclusions of law made, and judgment entered for the defendants. Gray brought the case to this court, and the judgment was reversed. (30 Kas. 138.) By the admissions and in the findings, it appeared that Long and wife had a homestead on the land. If the tract was outside the limits of the city of Wyandotte, the entire tract was unquestionably exempt as a homestead; but if

within the limits of the city, only one acre was so exempt. A special act had been passed by the legislature of 1879, reducing the territorial limits of the city so as to exclude this tract from such limits; and when the case was submitted to us, the single question presented and discussed by counsel on either side, was as to the constitutionality of that act. We held the act unconstitutional, and that therefore the land still remained within the city limits, and reversed the ruling of the district court. In the opinion and mandate, we directed a reversal of the judgment, and that the case be remanded for further proceedings. There was no express order for a new trial, or on the other hand, that judgment be entered for the plaintiff. On the presentation of the mandate, plaintiff moved for judgment in his favor on the findings, and the defendants Long and wife for leave to file amended answers. The latter motion was overruled, and the former sustained. Defendants now bring this judgment here for review.

The first proposition of counsel is, that the court erred in rendering a judgment upon the old findings, and without a new trial. We think this is correct. The practice in this court is to state specifically in the opinion and mandate the judgment or order which is to be entered by the trial court, whenever it is thought a final disposition ought to be made upon the record as it stands; and when simply a reversal is ordered, a new hearing in the trial court is intended. (*Laithe v. McDonald*, 7 Kas. 266.) At least this is the general rule, though, perhaps, owing to inadvertence at the time, some exceptions to it may be found in the cases.

Counsel for defendant in error cite several authorities, to wit: 28 Iowa, 355; 2 Mont. 405; 3 id. 189; 5 Mo. App. 579; 7 Wis. 100; 13 Ark. 253; 1 Ohio St. 463; 61 Ga. 528; 77 Ind. 474, to the effect that, where the findings of fact are undisturbed, and only the trial court's conclusions of law are set aside, and the judgment is reversed and the case remanded for further proceedings, the plaintiff in error is entitled to a judgment upon the findings in accord with the views expressed by the appellate court, and without a new

trial.   While this is not in harmony with the practice which has generally obtained in this court, yet, conceding for the purposes of this case that such a proposition is ordinarily correct, still we think the court erred.   Such a rule can obtain only when upon the facts as found and under the issues presented by the pleadings the case is ready for a judgment which will be fully in accord with the views expressed by the appellate court.   But this case was in no such condition.   The trial court found that Long had a homestead on the land, and that it being all outside the city limits, this homestead included the entire tract.   Hence, the conclusion was that the contract was wholly void.   We held that the land was wholly within the city limits; that the homestead included only one acre, and therefore that the contract was not wholly void. We did not hold that the contract was good for all the land; that a husband alone could make a valid contract for the sale of his homestead by simply including other lands therein. The constitution protects the homestead from the husband's separate contract; and whether he puts simply the homestead or a larger tract including the homestead into his separate contract, is immaterial.   In either case, so far as the homestead is concerned, the contract is a nullity.

We do not think that there should be any limitation placed upon the rule heretofore laid down in this court, and founded upon the clear letter of the constitution, affirming the inviolability of the homestead as against the separate conveyance or contract of the husband.   The rule is a beneficent one, and should be sacredly enforced.   The case was therefore in no condition for final judgment.   Nothing in the findings indicated the homestead acre.   Until that was disclosed the court could not determine to what portion of the land described the contract could apply.   It could not be assumed, without inquiring, that there was no possibility of locating it. For aught that appeared there might have been such a distinctive occupancy and use of a single acre surrounding the dwelling house as would clearly locate the homestead.   Because the defendants improperly claimed all as a homestead,

it does not follow that they could not and ought not to be permitted to prove and designate the one acre which they in fact occupied as such homestead.

Take this illustration, which, though weaker than the case at bar, is in point: Suppose in an ejectment action, defendant relied upon a title by continuous and adverse possession, and the testimony should show and the court find that he had held such possession of a part of the land over fifteen years and of the rest for only fourteen years, and the boundaries of the parts thus held should not be specifically identified either in the testimony or findings; and thereupon the court should hold as conclusion of law that fourteen years' possession was sufficient, and render judgment in his favor. If we reversed such conclusion and adjudged that there must be fifteen years' possession, would it be right to enter judgment in favor of the plaintiff for the entire tract? Ought not the defendant to be permitted to show on a new trial the exact boundaries of the part he had held possession of for fifteen years? Could it be said that the case was fairly ready for judgment when the fact of fifteen years' possession of part was proved and found?

In short, before the rule invoked by counsel obtains, every fact put in issue by the pleadings and necessary to be determined before the rights of both the parties can be precisely adjudged in accordance with the views expressed by the appellate court, must have been fully and definitely found. This disposes of the case, and compels a reversal. We might close the opinion here; but some questions exist and have been discussed by counsel, the determination of which may guide in the further progress of the case.

I. Certain facts were admitted for "the purposes of that trial." Such admission was good for that trial alone, and does not conclude either party in any future trial. (*Rld. Co. v. Shoup*, 28 Kas. 394.)

II. It is insisted that defendants are entitled to judgment, even though the homestead included only one acre, for the contract was for the entire tract at a price in gross and not so

much per acre; and as the homestead acre was inalienable by the husband alone, and was in no manner identified in the contract, or its price determined, there is no way of apportioning the price of the thirty-two acres which the husband could sell. The cases of *Richards v. Chase*, 2 Gray, 383; *Phillips v. Stauch*, 20 Mich. 369; and *Donner v. Redenbaugh*, S. C. Iowa, June 12, 1883, reported in 16 N. W. Rep. 127, are cited in support of this claim. Viewed as an original question, we think there is force in this claim, but the defendants are too late in presenting it. It was a question necessarily involved in the case as it came to us before. If, whether the homestead included one acre, or the entire tract, the contract was void, then the judgment of the district court was right, and no reversal should have been ordered. Counsel failed to present it then, and it is too late now. A case cannot be tried by piecemeal. Every defense that exists must be presented, and when a case is reversed, the defeated party will not be heard to say that there were other reasons for affirmance which he might have presented. A decision once made becomes the law of the case, and this rule embraces not merely all questions presented, but also all questions necessarily involved in the decision. (*Headley v. Challiss*, 15 Kas. 602; *Rld. Co. v. Shoup*, 28 id. 394.)

Counsel, not questioning the general rule, claim that it is not an inflexible one, but must yield when justice and equity imperatively require it. But even with this limitation, we think the rule must control in the present case; for there is no equity in releasing a party from a fair and reasonable contract into which he freely entered. And that both husband and wife were willing to sell, is evident from the fact that they did shortly thereafter sell at a slight advance. This slight advance offered by Mrs. Crockett is evidently all that stood in the way of the Longs complying with the contract. It is equitable that the contract be enforced so far as is possible, and not that the contracting party be permitted to avoid his contract obligations.

III. Plaintiffs in error contend that they should have

been permitted to file the amended answers, and that the trial court refused them leave, under the impression that it had no power to do so. In view of this, it may be right to observe that the trial court unquestionably has the power and should permit amended answers to be filed if in furtherance of justice. We are not convinced, from anything at present before us, that it would be in furtherance of justice; and yet that is a matter committed to the discretion of the trial court, and so we do not decide that it would not be. Besides, we may not anticipate what further showing may be made. The matter can safely be remanded to the consideration of the able judge of the trial court.

IV. If the homestead acre can be identified by testimony, as to the manner of occupation, and the inclosures, of course there will be no trouble. If, however, the occupancy of the entire tract was such that no specific acre can be identified as the homestead, then we think the court sitting as a court of equity has power to appoint a commission to lay off an acre in a compact form surrounding the family dwelling house, and in such a manner as to include the well, stables, outbuildings, etc., and adjudge that the homestead.

V. We think the contract price must be apportioned. It is true the contract does not provide for an apportionment. But under the circumstances, and in the condition into which this case has come, equity requires that it should be done. The consideration which plaintiff should be required to pay if finally awarded a decree for thirty-two acres, the tract less the homestead, should not be $8,000, the contract price, but that sum should be reduced in the proportion of the value of the homestead acre to that of the entire tract.

We see nothing else requiring notice. The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.