The State of Kansas v. The Board of County Commissioners of the County of Scott.

No. 10,754.  ( 59 Pa. 1055.)

1. PRACTICE, SUPREME COURT—*Mandate.* Upon the reversal of a judgment of the district court the supreme court may direct judgment to be entered only in cases where the facts are agreed to by the parties or found by the court below, and when it does not appear by exception, or otherwise, that such findings are against the evidence.

2. ——— *Directing Judgment.* Where some of the material findings are held to be contrary to the evidence, and for that reason are set aside, the supreme court is not warranted in directing an entry of judgment on the remaining findings.

Original proceeding to obtain an amended mandate. Opinion filed February 10, 1900. Denied.

*A. A. Godard,* attorney-general, for The State.

*S. S. Ashbaugh,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This is an application by the state for the issuance of an amended mandate in this proceeding, with a direction that judgment be entered in favor of the state. It was an action by the state to recover on the bonds of Scott county, which were purchased by the state and were held as a part of the permanent school fund. Several defenses were set up by the county, and upon a trial the district court held the bonds to be invalid. A proceeding in error was begun, which resulted in a reversal of the judgment, with a general remand for further proceedings. (*The State v. Scott Co.*, 58 Kan. 491, 49 Pac. 663.) The judgment of reversal was entered on July 10, 1897, and the petition for a rehearing which had been filed was denied on November 13, 1897. The mandate, syllabus and opinion were transmitted to the clerk of the district court of Scott county on November 17, 1897. The county then sued out a writ of error to the supreme court of the United States, and on December 30, 1897, further proceedings on the judgment were stayed by the chief justice of this court. The writ of error was dismissed by the supreme court of the United States on May 1, 1899 (19 Sup. Ct. 873, 43 L. Ed. 1187), because of a lack of jurisdiction, and on August 31, 1899, the mandate of that court was received and filed in this court. On October 24, 1899, the mandate of this court was spread on the records of the district court of Scott county, and upon application the defendant was permitted to amend its answer, and the case was set down for trial. The state

then presented this application, and contends that, in view of the condition of the record and the decision of this court, it might have properly directed the lower court to render judgment for plaintiff in the first instance, and may do so now by the issuance of an amended mandate.

Passing the question as to the propriety and right of this court to modify the mandate after it had been received and acted upon by the district court, we are of opinion that the condition of the record will not warrant the direction of judgment. It appears to be true, as the state contends, that the substantial questions in the case were determined in favor of the state upon the review of the judgment that was rendered, and the decision of this court will be the law of the case in subsequent proceedings in the trial court. (*Crockett v. Gray*, 31 Kan. 346, 2 Pac. 809). The authority of the court to direct judgment upon a reversal is found in section 4853, General Statutes of 1899 (Gen. Stat. 1897, ch. 83, §§ 25, 26), which provides :

"In cases decided by the supreme court, when the facts are agreed to by the parties, or found by the court below, or a referee, and when it does not appear, by exception or otherwise, that such findings are against the evidence in the case, the supreme court shall send a mandate to the court below directing it to render such judgment in the premises as it should have rendered on the facts agreed to or found in the case."

There is a provision in the first part of the same section that the court reversing the judgment shall proceed to render such judgment as the court below should have rendered, or remand the cause for such judgment, but that appears to be controlled by the subsequent provision in the section, which specifically

points out when and how the power is to be exercised. In the present case, some of the facts were agreed to by the parties and some of them were found by the court, but the state excepted to the findings and claimed that some of them were not sustained by the evidence. The court found "that no evidence was offered showing or tending to show that said signing and delivery of said bonds and the making of the record in the city of Topeka had ever been ordered or had ever been subsequently ratified or adopted by the board of county commissioners of said county, and that the issue of said bonds had never been ordered and has never been ratified by said county, its agents or officers.''

The findings made as to the execution of the bonds, and the subsequent ratification of the irregular issue by the county and its officers, were held to be contrary to the evidence, and hence they were set aside. As the case then stood, there were no findings as to those facts, and they were not agreed to by the parties. In discussing the points presented on review, we held that the findings of fact and conclusions of law were not supported by the testimony, and that on the evidence presented the objections urged against the validity of the bonds were not good. If the findings had been in consonance with the testimony, we would have directed judgment in favor of the state, but the findings being set aside because they were contrary to the evidence, the case was not in a condition to direct judgment, and for that reason the general remand was made, leaving the parties to determine whether upon the views expressed by the court there was any occasion for further litigation. (*Laithe v. McDonald,* 7 Kan. 254; *Conroy v. Perry,* 26 id. 472; *Crockett v. Gray,* 31 id. 346, 2 Pac. 809; *Douglass v. Anderson,*

32 id. 350, 4 Pac. 283; *Cahn v. Tootle*, 58 id. 260, 48 Pac. 919; *McDonald v. Swisher*, 60 id. 610, 57 Pac. 507.)

In view of the statute to which reference has been made and the decisions in pursuance of the same, the application for a modified mandate must be denied.