[No. 2826.]

TALCOTT v. THE DELTA COUNTY LAND AND CATTLE COMPANY.

**Appellate Practice—Reversal—New Trial.**

Where a cause is reversed by the appellate court and remanded without any specific directions to the trial court, the appellee or defendant in error is entitled as a matter of right to a new trial, and it is reversible error to deny him a new trial.

*Appeal from the District Court of Delta County:*

Messrs. WOLCOTT, VAILE & WATERMAN and Mr. H. H. DUNHAM, for appellant. Mr. WILLIAM W. FIELD, of counsel.

Mr. D. V. BURNS, for appellee.

MAXWELL, J.

This being the second appeal in this cause, reference may he had to the case of *The Delta County Land & Cattle Company v. Talcott,* 17 Colo. App. 316, for a statement of the facts out of which this litigation arose. Upon this appeal the following statement presents the material points. The last paragraph of the opinion of this court in *The Delta County Land & Cattle Company v. Talcott, supra,* is as follows:

"Upon the evidence as it is presented in this record, I think the deed of Lamb to The Delta Land & Cattle Company vested a good title in the latter,

and that the court erred in canceling the deed of release. Let the judgment be reversed.

*"Reversed."*

The judgment entered by this court was:

"It is therefore considered and adjudged by the court that the judgment aforesaid of said district court be, and the same is hereby, reversed, annulled, and altogether held for naught; and that this cause be remanded to said district court for further proceedings, according to law."

The mandate was:

"Now, therefore, this cause is remanded to you, the said district court in and for the county of Delta, and state aforesaid, that such further proceedings may be had in said cause as shall conform to the judgment of this court entered as aforesaid, as also with the opinion filed therein."

Upon the cause coming on for trial in the district court of Delta county, the following motion was made:

"Comes now the defendant, The Delta County Land & Cattle Company, by D. V. Burns, its attorney, and moves the court for an order pursuant to the mandate of the court of appeals, sustaining its motion of nonsuit; also for an order canceling and holding for naught a certain entry made herein, on to wit, the 20th day of March, 1899, ordering expunged from the records of Delta county that certain release deed executed by Edward L. Kellogg, trustee, on the 20th day of April, 1892, and recorded on said day in book 4, at page 285, of the records of said Delta county, and for the judgment of dismissal and for costs," which motion was sustained.

At the time the foregoing motion was decided, the plaintiff "demanded the right of a new trial of this cause, offered to produce testimony additional

to the testimony which was produced on behalf of the plaintiff at the former trial thereof,'' and moved for a continuance to the next term of court, which motion for a continuance was supported by an affidavit of counsel for plaintiff. The application for a continuance and the motion to retry and introduce further evidence, were denied. Judgment was thereupon rendered in favor of the defendant, pursuant to its motion above set forth. Plaintiff appeals, and assigns for error the above recited rulings of the court.

The effect of a judgment of reversal without direction, is squarely presented for determination. *Johnson v. Bailey,* 17 Colo. 59, was before the supreme court for review the second time. On the first trial, *Bailey v. Johnson,* 9 Colo. 365, ''The judgment was reversed and remanded.'' We quote from the opinion of the court in *Johnson v. Bailey,* 17 Colo. 59, as pertinent to the case before us, the following extracts:

''It is now contended that certain language used by the court in its former opinion of reversal concerning the title and possession of the property at the time of the levy, is *res judicata* of the facts of the case, and therefore that plaintiffs' claim of title must be sustained in any event as a matter of law.''

''It is evident, however, that the opinion was not intended to be *res judicata* as to such matter in any future trial, else the case would not have been remanded generally, as for a trial *de novo,* but would have been remanded with directions to try the cause for the *sole* purpose of ascertaining the value of the property and the damages for its detention, and, thereupon, to render judgment in favor of plaintiffs. But such course was not directed by the judgment of reversal; nor was it the course actually pursued.''

"The legal effect of thus reversing and remanding the cause was that a retrial might be had for the determination of all the matters in issue between the parties upon such evidence as might be produced *de novo,* and not that certain matters should be considered irreversibly established by the former evidence, as counsel for appellees now contend."

Applying the above to the case at bar, if this court had intended that its opinion should have been *res judicata* as to all of the questions of law and fact involved in this case, it would not have remanded the case generally, as for a trial *de novo,* but would have remanded it with directions to render judgment in favor of the defendant below. Having remanded it generally, without directions, it follows that a trial *de novo* was intended.

In *Dickson v. Bank,* 11 Colo. App. 154, this court said:

"As we understand the law and as it is written in the cases, a general judgment of reversal sends a case back for trial and for the same proceedings and with the same rights to the litigants as though no trial had been had, and no judgment had been entered. The antecedent judgment is vacated and set aside, and if the pleadings presented an issue, that issue stands for trial before the proper tribunal which may be either the court or the jury, according to the nature of the suit. * * * The court has precisely the same power over the record and the proceedings as it had at the time that the original trial was entered on, and before the judgment was rendered."

Counsel for appellee maintains that the above ruling is qualified by the following language appearing later in the opinion:

"It may be quite probable that if the appellants are in no wise able to change their testimony or alter

their proof, or enlarge it so as to bring it within our decision, the court would enter a judgment as of nonsuit, and would hardly do the idle thing—submit to a jury on the same evidence an issue which we had already adjudged could not be maintained on that proof.''

We do not think that the language last quoted lessens the force or effect of the general principle laid down in the first quotation above set forth. Indeed, it seems to us to rather support the view which we take,—that is, that upon a judgment of reversal generally, there should be a retrial of the cause as a matter of right, for the last quotation above clearly indicates that it was in the mind of the writer that a trial had been had, and that after the introduction of testimony at such trial, the court as a matter of law under the opinion of the appellate court, should rule that the evidence was insufficient to sustain the issue presented.

An examination of the records, opinions, and decisions of the appellate courts of this state, leads to the conclusion that it has been their practice to state specifically in the opinion the judgment or order which is to be entered by the trial court, whenever it is intended that a final disposition should be made upon the record as it stands; but when a reversal generally is ordered, a trial *de novo* in the trial court is intended. Under the code,—Mills' Ann. Code, sec. 398,—the appellate courts are permitted, and we believe it is their duty, to give final judgment, or to direct such order or judgment to be entered in the trial court as will end the litigation and promptly secure to the parties their legal rights. Therefore, where the judgment is reversed generally, the presumption is, that the court could not direct such order

or judgment, and the general rule as to the effect of a reversal generally is to be followed. The general rule as laid down by the great weight of authorities, and as expressed in § 580 of Elliott's Appellate Procedure, is as follows:

"The judgment reversing the judgment or decree of the trial court, expressed in general terms and without specific directions or instructions, operates to completely annul the judgment or decree of the lower court, and to restore the parties to the position they occupied when the original decree or judgment was rendered. Its effect is substantially the same as that of a judgment awarding a new trial, for, in general, it opens up the whole case."

To the same effect—*Crispen v. Hannovan,* 86 Mo. 168; *Stearns v. Aguirre,* 7 Cal. 443; *Ryan v. Tomlinson,* 39 Cal. 646; *City v. Bogardus,* 188 Ill. 72; *Laithe v. McDonald,* 7 Kan. 254; *McDonald v. Swisher,* 60 Kan. 610.

The general rule, as announced by Elliott, *supra,* must be understood with the qualification, that a judgment of reversal does not always and necessarily open up the entire case. We believe, however, that this case comes within the general rule as above stated, from the language of the last paragraph of the opinion, to wit: "Upon the evidence, as it is presented in this record,"—clearly indicating that upon other and different evidence which might be brought out upon another trial, a different conclusion might be reached.

The court committed error in sustaining the motion for nonsuit, and denying a trial *de novo,* for which the judgment must be reversed, and the cause remanded, with directions to grant a trial *de novo.*

*Reversed.*