N. B. Robson, *Sheriff*, v. The Board of County Commissioners of the County of Dickinson.

### No. 342.*

1. Sheriff — *Attendance on Probate Court* — *Construction of Statute.* Section 7, chapter 88, General Statutes of 1897 (Gen. Stat. 1889, ¶ 1766), does not require the sheriff to be continually present in the probate court whenever the same is in session, but only to attend at such times as his presence may be required or when it may be necessary for him to perform some service.

2. ———— *Fees.* The sheriff is not entitled to pay for every day the probate court is in session, regardless of whether his presence is required by the probate judge or whether there is any service for him to perform.

Error from Dickinson district court; O. L. Moore, judge. Opinion filed November 16, 1898. Affirmed.

*Stambaugh & Hurd,* for plaintiff in error.

*R. H. Kane,* for defendant in error.

The opinion of the court was delivered by

Wells, J. : In the court below, it was agreed by the parties in open court that the only matter to be decided was a question of law, and that if, under the laws of the state of Kansas, the plaintiff was entitled to fees as sheriff for attending the probate court, when not expressly requested by the probate judge to do so, he would be entitled to judgment in the case. But if, on the other hand, sheriffs are entitled to fees only for attending probate courts on the first and last days of the terms, and when expressly requested by the probate judge to attend, then the plaintiff would not be entitled to judgment.

*Petition for order to certify denied by supreme court January 7, 1899.—Rep.

Section 7, chapter 88, General Statutes of 1897 (Gen. Stat. 1889, ¶ 1766), reads as follows :

"The sheriff, in person or by his under-sheriff or deputy, shall serve and execute according to law all process, writs, precepts and orders issued or made by lawful authority and to him directed, and shall attend upon the several courts of record held in his county, and shall receive such fees for his services as are allowed by law."

Section 9, chapter 131, Laws of 1897 (Gen. Stat. 1897, ch. 31, §§ 13–18), provides that the sheriffs shall receive, for "attending any court of record, one dollar and fifty cents per day." The plaintiff in error says : "The foregoing is the law, and all the law, bearing upon this case." Conceding this to be true, what is the meaning of the words, "shall attend upon the several courts of record held in his county"? Do they mean that the sheriff, in person or by his under-sheriff or deputy, shall attend upon every court of record in his county during every moment of time said court is in session? If so, then he is surely entitled to receive one dollar and fifty cents per day therefor. A reasonable and fair interpretation of the meaning is that the sheriff shall, when required or when necessary, attend upon the several courts of record held in his county, and when he does so attend he shall receive one dollar and fifty cents per day for so doing. This interpretation is in harmony with the commonly accepted meaning of the words used and with what we are bound to conclude were the objects and intention of the legislature in enacting the law.

Plaintiff in error says : "It is not for the district court to say whether the law is wise or unwise. The language of the statute is plain and the intent of the legislature cannot be mistaken." With this we cannot agree. If the statute had said that " the sheriff

shall attend upon every day of every session of each court of record held in his county," the claim of the plaintiff might be sustained, and the authorities cited would be in point; but where the language requires interpretation or construction, "the effect which would result from one or the other construction may guide us in deciding which construction we ought to adopt." ( Lieb. Herm., rule 10, page 136.)   " The fairest and most rational method to interpret the will of the legislator is by exploring his intentions at any time when the law was made, by signs, the most natural and probable.   And these signs are either the words, the context, the subject-matter, the effect and consequence, or the spirit and reason of the law." (1 Bla. Com. 59.)   To find that the legislature intended to compel the people to pay for unnecessary and useless services would require language less ambiguous than that relied on.

The judgment of the court below is affirmed.