JOHN W. SKINNER v. THE BOARD OF COUNTY COM-
MISSIONERS OF COWLEY COUNTY et al.

No. 12,237.   (66 Pac. 635.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Objection to Jurisdiction.* Where
several actions of the same character are consolidated in the dis-
trict court by consent of all the parties, and are tried through to
final judgment without objection, it is too late to object upon re-
view, and the jurisdiction of the supreme court will be determined
by the whole amount involved in the new consolidated action.

2. ACTIONS AGAINST COUNTIES—*Presentation of Claims.* While
the statute provides for the presentation of claims against the
county to the board of county commissioners for allowance, it
does not require that such claims be presented before an action
thereon can be maintained; and, not being a part of plaintiff's
cause of action, it is not necessary for him to plead presentation,
nor to prove it in the first instance.

3. PRACTICE, PROBATE COURT—*Rights and Duties of Sheriff.* All
writs, orders and other process of the probate court are required
to be issued and directed to the sheriff, except that, in the ab-
sence or non-attendance of the sheriff, special sheriffs may be ap-
pointed by the probate judge to serve such process; but where
the sheriff is in his office, ready upon call to serve process when it
is issued by the probate judge, and the offices of the sheriff and
probate judge are in the same group of buildings, and only about
150 feet apart, there is neither absence nor non-attendance of the
sheriff, and the probate judge is without authority to appoint a
special sheriff.

4. ———— *Special Sheriffs—Fees and Salaries.* An unauthor-
ized appointment of a special sheriff and the execution of process
wrongfully issued to him will not deprive the sheriff of the emolu-
ments attached by law to his office, and he will be entitled to
recover from the county the compensation fixed by law for the
service of such process, if the same has not already been paid by
the county to the special officer.

Error from Cowley district court; W. T. McBRIDE,
judge.   Opinion filed November 9, 1901.   Division
one.   Reversed.

*L. H. Webb,* and *G. H. Buckman,* for plaintiff in error.

*J. E. Torrance,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: During the year 1897 John W. Skinner was the sheriff of Cowley county, and in actual possession of the office. In the latter part of that year the probate judge of Cowley county ordered that two girls be committed to the industrial school for girls, and instead of issuing the warrant to the sheriff, who was ready and willing to serve such process, he directed it to Frank W. Sidle, as special sheriff, who executed the writ, and filed a claim against the county for services and expenses for $71.85. Later, the probate judge ordered two other girls conveyed to the soldiers' orphans' home, and directed that Sidle, as special sheriff, convey and commit them to that institution. This was done by Sidle, who presented a claim for $102.88 against the county for mileage and expenses. Still later, a girl was committed to the industrial school for girls, and the probate judge appointed N. Phelps special sheriff to convey her to the institution, which he did. His claim for services and expenses presented to the county commissioners amounted to $62.08. Before any action was taken on these bills, three separate proceedings were brought by the sheriff against the county commissioners to recover fees and compensation for conveying the girls mentioned to the public institutions, and because the special officer in each case was claiming for the same service he was made a party defendant to the action. By consent of all parties, the three actions were consolidated in one, and subsequent pleadings were filed and the case tried on the theory that all the causes of action were embraced in the single consolidated action, and without objection from any one. The result was a judgment in favor of the defendants.

Skinner v. Cowley County.

In this review it is contended that the proceeding should be dismissed because the amount in controversy in each of two of the original cases was less

1. Objections to jurisdiction.

than $100 ; that the three cases were not and could not be legally consolidated, because one of the special sheriffs was not interested in the claim of the other, and that the cause of action against the one could not have been properly joined with a cause of action against the other, if a single action had been brought by the plaintiff. Good grounds of objection would have existed if plaintiff had sought to unite in a single suit distinct causes of action which did not affect all the defendants, and an effective objection might have been made against the consolidation of the three cases for the same reason, but, as we have seen, no objection was made. On the other hand, the consolidation was made on the agreement of all the parties, and no objection was made to it at any stage of the proceedings in the district court. It is too late to raise one now. Their consent amounted to an agreement that the three actions should be discontinued and that the causes of action embraced in them should all be litigated in the new single action instituted under the order of consolidation. Our jurisdiction is therefore to be determined by the amount involved in the new consolidated action, just as it would have been if a single action had been brought in the first instance. Again, Sidle and Phelps have only a nominal connection with the litigation. No attempt is made to recover from them, as nothing has been paid by the county on their claims for services or expenses. The plaintiff says he only named them as defendants because they had asked an allowance from the county board for the same claim which plaintiff was seeking to re-

cover. However improper the joinder or erroneous the consolidation may have been, the consent and conduct of defendants operate as a complete waiver of the error, and it cannot be made the basis of a dismissal.

Another contention is that plaintiff could not maintain his action because he did not affirmatively aver and show that the claim had been presented to the

2. Presentation of claim.

county board and disallowed, and he cites sections 1638 and 1855, General Statutes of 1901. These provisions do not require that a claim be first presented to the board before a suit can be maintained upon it. It was said in *Gillette v. Comm'rs of Lyon Co.*, 18 Kan. 410 :

"Such a presentation of a claim constitutes no part of a plaintiff's cause of action. It is merely a part of the mode of procedure to enforce the causes of action already existing. And if the plaintiff fails to resort to this mode of procedure, the failure is merely matter for defense—merely matter for plea in abatement, to be set up by the defendant itself."

The defendant set up the non-presentation of the claims in its answer, but it is conceded that no proof was offered in support of this defense.

On the merits of the action, it is clear that the probate judge acted without authority in the appointment of special sheriffs and in placing the writs in their hands for execution. The sheriff is the officer chosen

3. Rights and duties of sheriffs.

under the law for the service of such process, and, having the legal right to the office, he has the right to the emoluments of the same. He cannot be deprived of the fees and compensation attached to the office by the illegal action of the probate judge in arbitrarily placing writs in the hands of outsiders which it was the right and duty of the sheriff to execute. It is the theory of the law that

he shall serve all such process when he or his deputies are available for that purpose. (*Dolan v. Topping*, 51 Kan. 321, 32 Pac. 1120.) It is contended that the sheriff was not available, as the statute provides, and therefore that the probate judge was right in appointing special officers. The statute referred to provides :

"All writs, orders and other process of the probate court shall be issued and directed to the sheriff of the proper county where such process is to be served; provided, that in the absence or non-attendance of the sheriff, the probate judge may appoint any elector of his county and swear him as a special sheriff for the service of any such process; a minute of which appointment and oath shall be entered on the record and indorsed on such process." (Gen. Stat. 1901, § 1979.)

It is conceded that "absence," as used in the statute, means the absence of the sheriff from the county where the process is to be served; but it is argued that "non-attendance" is a narrower term, and that if the sheriff is not personally present in the room or within the view of the probate judge, when the process is issued, he is not in attendance, and that a special officer may then be appointed. In Webster's International Dictionary a definition of "attend" is "to accompany or be present or near at hand, in pursuance of duty; to be ready for service; to wait or be in waiting"; and the definition given by some other lexicographers is "to be present or within call." The sheriff was ready for service and within call of the probate judge when the writs in question were issued. The offices of the sheriff and probate judge were only about 150 feet apart, in a group of public buildings, and within the same enclosure. The sheriff was within easy reach of the probate judge, whose duty it was to call

36—63 KAN.

the sheriff when his presence was required at the probate court, or when it was necessary for the sheriff to serve process or perform other services imposed by law upon him. The law does not require the sheriff to be continuously in the probate judge's office, nor to follow him about on the watch for the issuance of writs. (*Robson v. Dickinson County*, 8 Kan. App. 374, 55 Pac. 520.) When he was near at hand, in his office, in pursuance of duty, and within the call of the probate judge, it cannot be said that there was either absence or non-attendance of the sheriff.

The statutes require that all county officers shall hold their offices at the same place, and generally they occupy the same building or group of buildings. The law contemplates that they shall be accessible to each other, so that they may cooperate in carrying on the public business; and when the sheriff is in his office, near at hand, ready to serve any writs which the probate judge may issue, there is no reason or excuse for the appointment of special officers. Granting that the terms employed in the statute are open to more than one interpretation, that construction should be placed upon them which will make them harmonize with public policy; and, as we have seen, the policy of the law is that process shall be served by the officers legally chosen for that purpose, and who have given bonds for the faithful performance of their duties. (*Dolan v. Topping*, supra.)

The fact that the probate judge shut his eyes, as it were, to the presence of the sheriff, and transcended his authority in appointing special officers to perform duties devolving upon the sheriff, will not affect the right of that officer to the emoluments incident to the office. He is as much entitled to the fees and compensation attached by

4. Right to fees and emoluments.

law to the office as he is to the office itself, and the service performed by the special officers wrongfully appointed should be regarded as having been rendered for the sheriff. Even if these special sheriffs are for some purposes considered to be officers *de facto*, they have no right to the fees and compensation belonging to the sheriff, and could not maintain an action against the county to recover them. The compensation earned in the execution of the writs, and for which payment has not been made, the sheriff is entitled to recover from the county; but of course he cannot recover for expenses or moneys paid out by the special officers while conveying the girls to the public institutions. In support of the views expressed, the following cases may be cited: *Garfield Twp. v. Crocker*, ante, p. 272, 65 Pac. 273; *Andrews v. Portland*, 79 Me. 484, 10 Atl. 458, 10 Am. St. Rep. 280; *Glascock v. Lyons*, 20 Ind. 1, 83 Am. Dec. 299; *Dolan v. Mayor*, 68 N. Y. 274, 23 Am. Rep. 168; *McVeany v. The Mayor*, 80 id. 185, 36 Am. Rep. 600; *Beard v. The City of Decatur*, 64 Tex. 7, 53 Am. Rep. 735; *Williams v. Clayton*, 6 Utah, 86, 21 Pac. 398; Meach. Pub. Off. § 331; 19 A. & E. Encycl. of L., 1st ed., 525.

It follows that the judgment of the district court must be set aside; and in behalf of the plaintiff in error it is contended that there is no substantial controversy as to the facts, and that the judgment ought to be ordered in his favor. Under the statute, we are without power to render a final judgment in the case or direct what judgment should be rendered. The supreme court may direct judgment to be entered only in cases where the facts are agreed to by the parties or found by the court below, and when it does not appear, by exception or otherwise, that such findings

are against the evidence.   (Gen. Stat. 1901, § 5045;
*The State v. Scott County*, 61 Kan. 390, 59 Pac. 1055.)

The judgment will be reversed, and the cause re-
manded for further proceedings.

SMITH, GREENE, ELLIS, JJ., concurring.