WILLIAM T. SINCLAIR, *Appellant*, V. JOSEPH J. EDDY, as County Treasurer, etc., et al., *Appellees*.

Nos. 17,417 and 17,418.

SYLLABUS BY THE COURT.

1. ILLEGAL TAXES—*Conditional Promise to Refund—Limitation of Action*. Where a board of county commissioners adopts a resolution providing that if within a fixed period the supreme court shall decide certain taxes to be illegal, all payments of similar taxes shall be refunded, the statute of limitations upon claims for the recovery of such payments is not thereby suspended, after the period named has elapsed without such decision having been rendered.

2. ——— *Same*. An allegation in a petition that after the adoption of such a resolution, and at the time of the commencement of an action involving the controverted question of law, the board of commissioners again announced and agreed that if such action should be decided against the county the illegal taxes collected should be refunded, will be interpreted to mean that the original agreement was confirmed, not that a new one was made.

Appeal from Douglas district court. Opinion filed May 11, 1912. Affirmed.

*J. E. Riggs*, and *W. B. Brownell*, for the appellant.
*E. T. Riling*, and *Thomas Harley*, for the appellees.

The opinion of the court was delivered by

MASON, J.: Two cases are presented together, but as the questions involved are the same only one will be spoken of. A number of persons paid personal taxes under protest, claiming the assessment to be illegal. Claims against the county for the amounts so paid were assigned to Wm. T. Sinclair, who on August 15, 1908, demanded their repayment, and two days later brought an action for their recovery. The county demurred to the petition, the demurrer was sustained, and the plaintiff appeals.

The latest of the payments was made September 19,

1905, and as no demand upon the county for the return of any payment was made until August 15, 1908, the claims were all barred by the failure to present them within two years (Gen. Stat. 1909, § 2123), unless they were saved by these facts:

On August 5, 1904, the board of commissioners passed and published a resolution reciting that certain assessments had been made, the validity of which was doubtful, and providing that if the supremè court of Kansas should within 18 months from that date decide that assessments so made were illegal all payments of taxes on account thereof should be refunded within thirty days after the decision. On January 8, 1907, as alleged in the petition (the actual date was June 8, 1907), the supreme court did decide such assessments to be illegal, in an action brought by Hanna Lane. (*Douglas County v. Lane,* 76 Kan. 12, 90 Pac. 1092.)

A question is raised as to the authority of the commissioners to bind the county by such a resolution. That question need not be determined, for the plaintiff is not within its terms. The agreement for a refunding of the payments was explicitly conditioned upon the decision of the supreme court being rendered within eighteen months. That time was up on February 5, 1906. When the period indicated had expired without the question having been decided the persons who had paid the taxes were no longer protected by it. It was incumbent upon them to procure a new agreement or to take some measure for the enforcement of their claims. They permitted two years to elapse thereafter without making a demand, and their claims were thereby extinguished. The precise date of the rendition of the decision holding the assessments invalid does not affect the matter, since it was made outside of the time limit specifically fixed in the resolution. It is not material to inquire why the commissioners placed the limit at eighteen months, or why they named any limit at all. Doubtless there was a purpose to force the contro-

versy to an early settlement. But whether the restriction was important or unimportant, reasonable or unreasonable, the rights of the parties must be determined by the proposition as made.

The petition further alleged that on August 28, 1905, the day on which the Lane case was appealed to the district court, the board of county commissioners "again announced and ageed that in the event that said case should be decided adversely to Douglas county, Kansas, by the supreme court of Kansas, that said county would pay back to the taxpayers of said county the various amounts illegally assessed and collected from them." If this allegation should be interpreted to mean that the board as a body made a new proposition, agreeing that if the Lane case were decided against the county—no matter when—the taxes in question should be refunded, it would be necessary to determine the effect of such action. But no such meaning seems to be intended. If any further motion or resolution on the subject had been adopted by the board the fact would of course have been specifically pleaded. The use of the word "again" fairly implies that what is meant is that the commissioners signified their purpose to abide by the proposal already made. Any general statements made by individual members of the board encouraging litigants to withhold action on their own account until the Lane case was decided, even if regarded as binding upon the county, would necessarily be construed as confirming, and not as modifying, the published resolution.

The judgment is affirmed.