No. 23,033.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Ap-
pellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF COWLEY et al., *Appellees*.

### SYLLABUS BY THE COURT.

TAXES—*Paid Under Protest—Action to Recover—Statute of Limitations.*
An action against a county for illegal taxes paid under protest is
barred by section 2674 of the General Statutes of 1915, if no claim for
the repayment of the money is presented to the board of county com-
missioners, and the action is not commenced until more than two years
have elapsed since the payment of the taxes.

Appeal from Cowley district court; OLIVER P. FULLER, judge.
Opinion filed March 12, 1921. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *J. E. Torrance,* of Winfield, for the appellant.

*Ellis Fink,* county attorney, and *J. A. McDermott,* of Winfield, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover illegal taxes paid by it under protest. A demurrer to the petition was sustained, and the plaintiff appeals.

The question argued by the defendants is that the action, when it was commenced, was barred by the statute of limitations. The whole of the taxes for the year of 1915 were paid on December 20, of that year, and the rebate was secured on the last half of the taxes. The action was commenced on December 11, 1918, almost three years after the taxes were paid. The petition did not allege that a claim for repayment of the taxes had been presented to the board of county commissioners. The defendant insists that paragraph 2674 of the General Statutes of 1915 applies. That section reads—

"No account against the county shall be allowed unless presented within two years after the same accrued: *Provided,* That if any person having a claim against the county be, at the time the same accrues, under any legal disability, every such person shall be entitled to present the same within one year after such disability shall be removed."

The plaintiff contends that the second subdivision of section 17 of the code of civil procedure controls. That section, so far as it is applicable, reads—

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·

"Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

The plaintiff argues that section 2674 applies only to accounts or claims that must be presented to the board of county commissioners before they can be ordered paid and warrants be drawn providing for their payment, and that it was not necessary for the plaintiff to present its claim to the county commissioners before commencing this action. The latter ar-

gument is upheld by *Gillett v. Comm'rs of Lyon Co.*, 18 Kan. 410, and *Skinner v. Cowley County*, 63 Kan. 557, 66 Pac. 635.

The entire question presented is disposed of by *Sinclair v. Eddy*, 87 Kan. 45, 123 Pac. 873, where this language was used:

"A number of persons paid personal taxes under protest, claiming the assessment to be illegal. Claims against the county for the amounts so paid were assigned to Wm. T. Sinclair, who on August 15, 1908, demanded their repayment, and two days later brought an action for their recovery. The county demurred to the petition, the demurrer was sustained, and the plaintiff appeals.

"The latest of the payments was made September 19, 1905, and as no demand upon the county for the return of any payment was made until August 15, 1908, the claims were all barred by the failure to present them within two years (Gen. Stat. 1909, § 2123), unless they were saved by these facts. . . ."

The facts there disclosed are wholly immaterial in the consideration of the question now presented and do not in any way modify the rule declared.

The judgment is affirmed.

WEST, J., dissents.

DAWSON, J. (concurring) : I concur only because the question involved is *stare decisis*, not because I would give my independent assent to the doctrine announced in *Sinclair v. Eddy*.